### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY

LEE ANN HECKMAN,       )
                              )
          Plaintiff,        )
                              )    Case No. 2:12-cv-02226-JTM-JPO
    vs.                   )
                              )
AMES CONSTRUCTION, INC.,   )
                              )
         Defendant.      )
                              )

### STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and insure that protection is afforded only to such deemed material, on the joint stipulation of the parties pursuant to Fed. R. Civ. P. 26(c), and for good cause shown:

IT IS HEREBY ORDERED THAT:

1.  **Purpose of Order.**  The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties.  This is a Kansas common law public policy retaliation case. Plaintiff alleges that Defendant terminated her employment in retaliation for Plaintiff exercising rights under Kansas' workers' compensation statutes.  Defendant denies Plaintiff's allegations. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment.  Discovery in this case will likely seek private information from both parties and nonparties, including, but not limited to, financial information and other private documents regarding Plaintiff, confidential business information concerning the business of Defendant,

information concerning Plaintiff's medical history and employment history, and personnel files of Defendant's employees, possibly including former employees.  The privacy interests in such information substantially outweigh the public's right of access to judicial records.  Good cause exists for the issuance of a protective order under Rule 26(c) due to the potential of public or private harm, as this case and the covered documents may involve private personnel records of non-parties to this lawsuit, and the failure to issue a protective order may result in harm to the parties or to non-parties upon public dissemination of such information.

2.    **Confidential Information.**  The parties have agreed that certain documents and information, if produced or disclosed during this litigation, should be treated as confidential.  As used in this Order, the term "Confidential Information" shall be applicable to Plaintiff's medical, financial, educational, employment, and/or tax records, as well as any trade secret, confidential documents regarding procedures and training, documents concerning income, net worth, and income tax returns, compensation data, or employee personnel information relating to Defendant, including, but not limited to, Defendant's personnel records of persons other than Plaintiff.  All of the foregoing information, as well as any documents, designated portions of deposition testimony, and responses to interrogatories, requests for admissions, or requests for production of documents concerning the above-described Confidential Information may be designated as "Confidential."

3.    **Designating Documents and Information as Confidential.**  Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the documents or responses with the word "Confidential" or the words "Subject to Protective Order."  Documents or responses shall not be treated as confidential

pursuant to this Order unless they are stamped or labeled as "Confidential" or "Subject to Protective Order." The inadvertent failure to designate material as "Confidential" or "Subject to Protective Order" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, requests for admissions, requests for production of documents, or testimony relating to the subjects enumerated in paragraph 2 may be designated as Confidential Information. The parties and their counsel shall not photocopy any documents which fall under this Order unless such photocopies are needed as part of this litigation.

      **4.**      **Designating Deposition Testimony as Confidential.** Any party to and deponent in this action may designate deposition testimony relating to the subjects enumerated in paragraph 2 above as "Confidential Information" by advising counsel of record by letter or email within fourteen days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed confidential for a period of fourteen days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present at the deposition that the information is confidential and subject to this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

3

**5.** **Limited Disclosure of Confidential Information.**  Any documents, designated portions of deposition testimony, or responses to interrogatories, requests for admissions, or requests for production of documents which are marked as "Confidential" or "Subject to Protective Order" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

a.  Parties and counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, and employees or agents of such counsel, to the extent reasonably necessary to render professional services to the litigation;

b.  Persons who are expressly retained by counsel to assist in the preparation of this litigation for trial, such as independent accountants, statisticians, or economists or other experts, and the staff working under the direct supervision of such person retained to assist in the preparation of this litigation for trial;

c.  Persons with prior knowledge of the documents or the Confidential Information contained therein;

d.  Witnesses whose depositions are being taken or who are being questioned at trial;

e.  Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court.

f.      Any independent document reproduction services or document recording and retrieval services; and

g.      Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order.

6.      **Certification to Abide by Protective Order.**  Before disclosing Confidential Information to those persons specified in paragraph 5(b)hereof, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby, by signing a copy of the declaration attached hereto as Exhibit A.  Upon the request of a party, the party disclosing the Confidential Information to a person specified in paragraph 5(b) above shall provide copies of all such signed certifications received up to that date.

7.      **Disputes Concerning Designation(s) of Confidential Information.**  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

8.      **Use of Confidential Information.**  Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom.  No information produced in discovery in this case, including but not limited to Confidential Information, shall be used for any purpose other than in connection with this case and any appeals arising therefrom.  No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose.  The parties and their counsel shall exercise reasonable care not to disclose information contained in these Confidential

documents by placing them in the public records in this case.  The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case.  The parties do not waive any right to object at trial to the admissibility of any document or during discovery to the discoverability of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

9.    **Maintaining Confidentiality.**  The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area.  The recipient shall take care than any such information or the substance of content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

10.    **Confidential Information at Trial.**  Prior to trial, the parties shall cooperate in good faith to remove the confidentiality designation from as many documents as possible.  Subject to the Rules of Evidence and Rules or Orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing, provided that the party offering the Confidential Information has properly listed it on that party's Exhibit List.  Any party may move the Court for an order that the Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection may be afforded such information at the trial.

11.    **Return of Confidential Information.**  Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

a.      Counsel of record for each party receiving Confidential Information shall, upon written request within sixty days, return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

b.      All persons who received any Confidential Information, shall return to the producing party all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 11(a);

c.      Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 11(a) and 11(b) above.

**12.      No Admission.**  Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, admissibility, or discoverability of any document, material, transcript, or other information.

**13.      Privileged Materials.**

a.      **Inadvertent Disclosure.**  The parties agree that they will cooperate with each other regarding materials that may be attorney-client privileged or work product.  To the extent any protected materials inadvertently are produced by one party to another, said inadvertent disclosure alone will not be deemed a waiver of otherwise applicable privilege(s).  Upon receipt of written request for return of inadvertently produced

7

privileged materials, the receiving party or parties shall within 5 business days either (1) return all copies of the materials or, if the claimed privilege is contested, (2) so advise the producing party and segregate the materials pending resolution of the dispute. If a dispute arises regarding the privileged nature of any materials, the matter shall be presented promptly and cooperatively to the Court for consideration. Once inadvertent disclosure of materials is asserted, no further use of the materials shall be made unless and until the Court issues an Order that the materials are not protected by privilege or may otherwise be used in the case.

       b.     **Logging.** If any document called for production in discovery or otherwise in this case is withheld by a party pursuant to a claim of any privilege, the withholding party shall furnish a log reflecting the following information for each document for which the privilege is claimed: (1) the nature of the privilege claimed; (2) the date of the document; (3) a brief description of the subject matter of the document; and (4) the name and title of each person who had prepared and/or received the document.

IT IS SO ORDRED this 18th day of June, 2012.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

LEE ANN HECKMAN,          )
                      )
       Plaintiff,       )
                      )    Case No. 2:12-cv-02226-JTM-JPO
vs.                 )
                      )
AMES CONSTRUCTION, INC.,  )
                      )
       Defendant.     )
                      )

### CONFIDENTIALITY AGREEMENT AND EXHIBIT "A"
### TO STIPULATED PROTECTIVE ORDER

I, _____, hereby agree in accordance with the provisions of the

Protective Order, to be bound thereby, and further state that I have read that Order and

understand and agree to the terms and conditions thereof and submit myself to the personal

jurisdiction of the United States District Court for the District of Kansas for any proceedings

relative to the enforcement of that Order, including any proceedings relative to contempt of court

if I violate that Order.

Dated this _____ day of _____, 20__.

_____
Notary Public

My Commission Expires:

_____

9