IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEE ANN HECKMAN,

       Plaintiff,

     *v.*                         Case No. 12-2226-JTM

AMES CONSTRUCTION, INC.,

       Defendant.

MEMORANDUM AND ORDER

Plaintiff Lee Ann Heckman has moved to remand her workers' compensation retaliation claim to state court. She argues that removal of the action was improper, because (1) a federal trial would be inconvenient under 28 U.S.C. § 1441(3)(6) (Dkt. ¶ 3), (2) the action involves state rather than federal law (*id.* at ¶ 4, 5) and is related to a non-removable workers' compensation claim (*id.* at ¶ 6), (3) 28 U.S.C. § 1441 was intended to reduce the number of removed cases (*id.* at ¶ 7), and (4) the defendant Ames Construction is estopped from removing the case by participating in the state proceedings.

None of Heckman's arguments justify a remand of the action. It is undisputed that diversity of citizenship exists and the amount in controversy requirement is met, and therefore the court has jurisdiction to hear the action under 28 U.S.C. § 1332(a). Accordingly, Heckman's complaints as to the lack of a federal question are an insufficient basis for remand. Similarly, generalized claims of inconvenience cannot defeat jurisdiction which otherwise exists, and § 1441(e)(6), which governs cases

involving multiple parties under 28 U.S.C. § 1369, is inapplicable here. Heckman's claim of retaliatory discharge is a Kansas common law tort which is not directly tied to her workers' compensation claim. *See Vasquez v. Target Corp*, No. 09-4061-JAR, 2009 U.S. Dist. LEXIS 55751, at 6 (D. Kan. June 22, 2009). Finally, Heckman provides no evidence or argument supporting her claim of waiver. To the contrary, the evidence presented to the court demonstrates that Ames took no action in the state proceedings other than to timely file its Notice of Removal within 20 days of Heckman's Petition.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2012, that the plaintiff's Motion to Remand (Dkt. 6) is denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge